STEPTOE & JOHNSON, LLP
Laurie Edelstein (Bar No. 164466)
ledelstein@steptoe.com
Seth Sias (Bar No. 260674)
ssias@steptoe.com

1891 Page Mill Road
Suite 200
Palo Alto, CA 94304
TEL: +1 650 687 9500
FAX: +1 650 687 9499

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION, | Case No. 17 Civ. 406 |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| MSTAR SEMICONDUCTOR INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Broadcom Corporation ("Broadcom"), by and through its undersigned counsel, files this Complaint for Patent Infringement relating to several U.S. patents as identified below (collectively, the "Patents-in-Suit") and alleges as follows:

## THE PARTIES

1. Plaintiff Broadcom Corporation ("Broadcom" or "Plaintiff") is a California corporation having its principal place of business at 5300 California Avenue, Irvine, CA 92617. It was acquired by Avago Technologies, Ltd. in 2016 and currently operates as a wholly-owned subsidiary of the merged entity now known as Broadcom Limited.

2.     MStar Semiconductor Inc. ("MStar") is a corporation organized under the laws of Taiwan with its principal place of business at 4F-1, No. 26, Tai-Yuan Street, ChuPei Hsinchu Hsien 302, Taiwan.  On information and belief, MStar is a subsidiary of MediaTek Inc.

**JURISDICTION AND VENUE**

3.     Broadcom brings this civil action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.*, including 35 U.S.C. §§ 271, 281-285.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     Upon information and belief, Defendant Mstar transacts and conducts business in this District and the State of California, and is subject to the personal jurisdiction of this Court.  Upon information and belief, Mstar has minimum contacts within the State of California and this District and has purposefully availed itself of the privileges of conducting business in the State of California and in this District.  Broadcom's causes of action arise directly from Mstar's business contacts and other activities in the State of California and in this District.  Upon information and belief, Mstar has committed acts of infringement, both directly and indirectly, within this District and the State of California by, *inter alia*, using, selling, offering for sale, importing, advertising, and/or promoting products that infringe one or more claims of the Patents-in-Suit.  More specifically, Mstar, directly and/or through intermediaries, uses, sells, ships, distributes, offers for sale, advertises, and otherwise promotes its products in the United States, the State of California, and this District.  Upon information and belief, Mstar solicits customers in the State of California and this District, and has customers who are residents of the State of California and this District and who use Mstar's products in the State of California and in this District.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

1

## THE PATENTS-IN-SUIT

2      6.      Broadcom owns by assignment the entire right, title, and interest in

3    U.S. Patent No. 8,284,844 (the "MacInnis '844 patent"), which is entitled "Video

4    Decoding System Supporting Multiple Standards."  The MacInnis '844 patent

5    issued on October 9, 2012 to inventors Alexander MacInnis, Jose Alvarez, Sheng

6    Zhong, Xiaodong Xie, and Vivian Hsiun from United States Patent Application

7    No. 10/114,798, filed on April 1, 2002.  A true and correct copy of the MacInnis

8    '844 patent is attached as **Exhibit A** to this Complaint.

9      7.      Broadcom owns by assignment the entire right, title, and interest in

10   U.S. Patent No. 7,590,059 (the "Gordon '059 patent"), which is entitled

11   "Multistandard Video Decoder."  The Gordon '059 patent issued on September 15,

12   2009 to inventor Stephen Gordon from United States Patent Application

13   No. 11/000,731, filed on December 1, 2004.  A true and correct copy of the Gordon

14   '059 patent is attached as **Exhibit B** to this Complaint.

15     8.      Broadcom owns by assignment the entire right, title, and interest in

16   U.S. Patent No. 8,068,171 (the "Aggarwal '171 patent"), which is entitled "High

17   Speed for Digital Video."  The Aggarwal '171 patent issued on November 29, 2011

18   to inventors Gaurav Aggarwal, M K Subramanian, Sandeep Bhatia, Santosh

19   Savekar, and K Shivapirakasan from United States Patent Application

20   No. 12/730,911, filed on March 24, 2010.  A true and correct copy of the Aggarwal

21   '171 patent is attached as **Exhibit C** to this Complaint.

22     9.      Broadcom owns by assignment the entire right, title, and interest in

23   U.S. Patent No. 7,310,104 (the "MacInnis '104 patent"), which is entitled "Graphics

24   Display System with Anti-Flutter Filtering and Vertical Scaling."  The MacInnis

25   '104 patent issued on December 18, 2007 to inventors Alexander MacInnis,

26   Chengfuh Jeffrey Tang, Xiaodong Xie, James Patterson, and Greg Kranawetter from

27   United States Patent Application No. 11/511,042, filed on August 28, 2006.  A true

28

and correct copy of the MacInnis '104 patent is attached as **Exhibit D** to this Complaint.

## BACKGROUND

10.     Founded by Henry Samueli and Henry Nicholas in 1991 in Los Angeles, California, Broadcom has grown to be a global leader in the semiconductor industry.  Broadcom provides one of the industry's broadest portfolios of highly-integrated SoCs that seamlessly deliver voice, video, data and multimedia connectivity in the home, office and mobile environments.  From its headquarters in Irvine, California, Broadcom has expanded its footprint across the United States and around the world, employing thousands of individuals globally and in the United States.  A brief overview of Broadcom's history can be found on its website at: https://www.broadcom.com/company/about-us/company-history/.

11.     Broadcom's continued success depends in substantial part upon its constant attention to research and development.  From 2015 to 2016, Broadcom spent $3.7 billion on research and development for its products.  $2.7 billion of this $3.7 billion was spent in 2016 alone.  **Exhibit E** (Broadcom Limited 2016 Form 10-K), at 47.  Prior to its acquisition, Broadcom Corporation's research and development expense was $2.37 billion, $2.49 billion and $2.32 billion in 2014, 2013, and 2012, respectively.  **Exhibit F** (Broadcom Limited 2014 Form 10-K), at 6.

12.     Broadcom relies on the patent system as an important part of its intellectual property program to protect the valuable technology and inventions resulting from this research and development.  As of October 30, 2016, Broadcom Limited had approximately 27,640 U.S. and other patents and approximately 3,020 U.S. and other pending patent applications.   Broadcom Limited's research and development efforts are presently resulting in approximately 350 new patent applications per year.  **Exhibit E** (Broadcom Limited 2016 Form 10-K), at 8.

1        13.    The Accused Products are generally semiconductor components (such

2  as, for example, various system on a chip ("SoC") and similar processing

3  components and circuits).

4        14.    On information and belief, Mstar directly infringes, induces

5  infringement of, and contributorily infringes the Patents-In-Suit by making, using,

6  selling, offering for sale, and importing articles, including the specific SoCs and any

7  processing components and circuits that feature the same or substantially similar

8  infringing functionality, which are covered by the claims of the Patents-In-Suit.

9        15.    On information and belief, in addition to the specific SoCs listed below

10  in Count 1-4, any processing components and circuits of Mstar that feature the same

11  or substantially similar infringing functionality, infringe the Patents-In-Suit.

12  **COUNT 1**

13  **(Infringement of the MacInnis '844 Patent)**

14        16.    Broadcom incorporates by reference each and every allegation in the

15  preceding paragraphs.

16        17.    Defendant is making, using, offering to sell, selling, and/or importing

17  into the United States products that infringe at least claim 1 of the MacInnis '844

18  patent, including but not limited to the following products:

19          •  MStar ARM MSD95M2D-3-004E ATHC353B 1617A

20        18.    Defendant has had actual knowledge of the MacInnis '844 patent since

21  at least as of the date it was served with this Complaint, and at least since that date

22  has had actual knowledge that one or more of their products infringes one or more

23  claims of the MacInnis '844 patent.

24        19.    On information and belief, Defendant has induced and will continue to

25  induce the infringement of at least one claim of the MacInnis '844 patent, in

26  violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly

27  aiding and abetting others (including Defendant's sales and service subsidiaries,

28  Defendant's authorized dealers and repair service providers, manufacturers who

incorporate Defendant's products into downstream consumer products, retailers of downstream consumer products that incorporate Defendant's products, and consumers and end users) to infringe the MacInnis '844 patent with the specific intent to encourage their infringement, through activities such as marketing Defendant's products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendant's products.

20.    On information and belief, the Defendant contributes to the infringement of one or more claims of the MacInnis '844 patent, in violation of 35 U.S.C. § 271(c), by, among others, the downstream product customers, because it knows that the Accused Products – and, by way of example, the above-mentioned SoCs – embody a material part of the claimed inventions of the MacInnis '844 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

21.    On information and belief, Defendant's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the MacInnis '844 patent, Defendant has continued to make, use, sell, offer for sale, and/or import infringing products into the United States despite knowing that there was an objectively high likelihood of infringement of the MacInnis '844 patent.  To the extent Defendant did not know of the objectively high likelihood of infringement, it was so obvious that it should have been known to Defendant.

22.    The infringement of the MacInnis '844 patent by Defendant will continue unless enjoined by this Court.

23.     The infringing activities by Defendant have caused and will continue to cause irreparable injury to Broadcom for which there exists no adequate remedy at law.

## COUNT 2

### (Infringement of the Gordon '059 Patent)

24.     Broadcom incorporates by reference each and every allegation in the preceding paragraphs.

25.     Defendant is making, using, offering to sell, selling, and/or importing into the United States products that infringe at least claims 11 and 21 of the Gordon '059 patent, including but not limited to the following products:

- MStar ARM MSD95M2D-3-004E ATHC353B 1617A

26.     Defendant has had actual knowledge of the Gordon '059 patent since at least as of the date it was served with this Complaint, and at least since that date has had actual knowledge that one or more of their products infringes one or more claims of the Gordon '059 patent.

27.     On information and belief, Defendant has induced and will continue to induce the infringement of at least one claim of the Gordon '059 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendant's sales and service subsidiaries, Defendant's authorized dealers and repair service providers, manufacturers who incorporate Defendant's products into downstream consumer products, retailers of downstream consumer products that incorporate Defendant's products, and consumers and end users) to infringe the Gordon '059 patent with the specific intent to encourage their infringement, through activities such as marketing Defendant's products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendant's products.

28. On information and belief, the Defendant contributes to the infringement of one or more claims of the Gordon '059 patent, in violation of 35 U.S.C. § 271(c), by, among others, the downstream product customers, because it knows that the Accused Products – and, by way of example, the above-mentioned SoCs – embody a material part of the claimed inventions of the Gordon '059 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

29. On information and belief, Defendant's past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285. After receiving actual knowledge of the Gordon '059 patent, Defendant has continued to make, use, sell, offer for sale, and/or import infringing products into the United States despite knowing that there was an objectively high likelihood of infringement of the Gordon '059 patent. To the extent Defendant did not know of the objectively high likelihood of infringement, it was so obvious that it should have been known to Defendant.

30. The infringement of the Gordon '059 patent by Defendant will continue unless enjoined by this Court.

31. The infringing activities by Defendant have caused and will continue to cause irreparable injury to Broadcom for which there exists no adequate remedy at law.

**COUNT 3**

**(Infringement of the Aggarwal '171 Patent)**

32. Broadcom incorporates by reference each and every allegation in the preceding paragraphs.

33.   Defendant is making, using, offering to sell, selling, and/or importing into the United States products that infringe at least claims 1, 6, and 7 of the Aggarwal '171 patent, including but not limited to the following products:

- MStar ARM MSD95M2D-3-004E ATHC353B 1617A

34.   Defendant has had actual knowledge of the Aggarwal '171 patent since at least as of the date it was served with this Complaint, and at least since that date has had actual knowledge that one or more of their products infringes one or more claims of the Aggarwal '171 patent.

35.   On information and belief, Defendant has induced and will continue to induce the infringement of at least one claim of the Aggarwal '171 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendant's sales and service subsidiaries, Defendant's authorized dealers and repair service providers, manufacturers who incorporate Defendant's products into downstream consumer products, retailers of downstream consumer products that incorporate Defendant's products, and consumers and end users) to infringe the Aggarwal '171 patent with the specific intent to encourage their infringement, through activities such as marketing Defendant's products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendant's products.

36.   On information and belief, the Defendant contributes to the infringement of one or more claims of the Aggarwal '171 patent, in violation of 35 U.S.C. § 271(c), by, among others, the downstream product customers, because it knows that the Accused Products – and, by way of example, the above-mentioned SoCs – embody a material part of the claimed inventions of the Aggarwal '171 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

1        37.    On information and belief, Defendant's past and continuing

2    infringement has been deliberate and willful, and this case is therefore an

3    exceptional case, which warrants an award of treble damages and attorneys' fees to

4    Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the

5    Aggarwal '171 patent, Defendant has continued to make, use, sell, offer for sale,

6    and/or import infringing products into the United States despite knowing that there

7    was an objectively high likelihood of infringement of the Aggarwal '171 patent. To

8    the extent Defendant did not know of the objectively high likelihood of

9    infringement, it was so obvious that it should have been known to Defendant.

10       38.    The infringement of the Aggarwal '171 patent by Defendant will

11   continue unless enjoined by this Court.

12       39.    The infringing activities by Defendant have caused and will continue to

13   cause irreparable injury to Broadcom for which there exists no adequate remedy at

14   law.

15   **<u>COUNT 4</u>**

16   **<u>(Infringement of the MacInnis '104 Patent)</u>**

17       40.    Broadcom incorporates by reference each and every allegation in the

18   preceding paragraphs.

19       41.    Defendant is making, using, offering to sell, selling, and/or importing

20   into the United States products that infringe at least claims 1, 11, and 17 of the

21   MacInnis '104 patent, including but not limited to the following products:

22           •  MStar ARM MSD95M2D-3-004E ATHC353B 1617A

23       42.    Defendant has had actual knowledge of the MacInnis '104 patent since

24   at least as of the date it was served with this Complaint, and at least since that date

25   has had actual knowledge that one or more of their products infringes one or more

26   claims of the MacInnis '104 patent.

27       43.    On information and belief, Defendant has induced and will continue to

28   induce the infringement of at least one claim of the MacInnis '104 patent, in

1   violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly

2   aiding and abetting others (including Defendant's sales and service subsidiaries,

3   Defendant's authorized dealers and repair service providers, manufacturers who

4   incorporate Defendant's products into downstream consumer products, retailers of

5   downstream consumer products that incorporate Defendant's products, and

6   consumers and end users) to infringe the MacInnis '104 patent with the specific

7   intent to encourage their infringement, through activities such as marketing

8   Defendant's products, creating and/or distributing drivers, data sheets, application

9   notes, and/or similar materials with instructions on using or rendering operable

10  downstream consumer products that incorporate Defendant's products.

11      44.    On information and belief, the Defendant contributes to the

12  infringement of one or more claims of the MacInnis '104 patent, in violation of 35

13  U.S.C. § 271(c), by, among others, the downstream product customers, because it

14  knows that the Accused Products – and, by way of example, the above-mentioned

15  SoCs – embody a material part of the claimed inventions of the MacInnis '104

16  patent, that they are specially made or specially adapted for use in an infringement

17  of the claims, and that they are not staple articles of commerce suitable for

18  substantial non-infringing use.

19      45.    On information and belief, Defendant's past and continuing

20  infringement has been deliberate and willful, and this case is therefore an

21  exceptional case, which warrants an award of treble damages and attorneys' fees to

22  Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the

23  MacInnis '104 patent, Defendant has continued to make, use, sell, offer for sale,

24  and/or import infringing products into the United States despite knowing that there

25  was an objectively high likelihood of infringement of the MacInnis '104 patent. To

26  the extent Defendant did not know of the objectively high likelihood of

27  infringement, it was so obvious that it should have been known to Defendant.

28

1    46.    The infringement of the MacInnis '104 patent by Defendant will

2    continue unless enjoined by this Court.

3    47.    The infringing activities by Defendant have caused and will continue to

4    cause irreparable injury to Broadcom for which there exists no adequate remedy at

5    law.

6                            **PRAYER FOR RELIEF**

7    48.    WHEREFORE, Broadcom requests that judgment be entered in its

8    favor and against Defendant as follows:

9           A.    Entering judgment declaring that Defendant have infringed,

10   directly and/or indirectly, literally and/or under the doctrine of equivalents,

11   the Patents-in-Suit in violation of 35 U.S.C. § 271;

12          B.    Issuing preliminary and permanent injunctions enjoining

13   Defendant, their officers, agents, subsidiaries and employees, and those in

14   privity or in active concert with them, from further activities that constitute

15   infringement of the Patents-in-Suit, within the State of California and across

16   the United States;

17          C.    Declaring that Defendant's infringement of the Patents-in-Suit is

18   willful and deliberate pursuant to 35 U.S.C. § 284;

19          D.    Ordering that Broadcom be awarded damages in an amount no

20   less than a reasonable royalty for each asserted patent arising out of

21   Defendant's infringement of the Patents-in-Suit, together with costs, and pre-

22   and post-judgment interest;

23          E.    Declaring this an exceptional case under 35 U.S.C. § 285 and

24   awarding attorneys' fees and trebling of damages; and

25          F.    Awarding Broadcom such other costs and further relief as the

26   Court deems just and proper.

27

28

1

## DEMAND FOR JURY TRIAL

2      49.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Broadcom

3 demands a trial by jury on all issues so triable.

4 DATED:  March 7, 2017

5

6                                        Respectfully submitted,

7

8

9      By:    */s/ Laurie Edelstein*  _____

10     Laurie Edelstein (Bar No. 164466)
       ledelstein@steptoe.com
11     Seth Sias (Bar No. 260674)
       ssias@steptoe.com
12     STEPTOE & JOHNSON, LLP
       1891 Page Mill Road
13     Suite 200
       Palo Alto, CA 94304
14     TEL: +1 650 687 9500
       FAX: +1 650 687 9499

15     Attorneys for Plaintiff
16     Broadcom Corporation

17

18

19

20

21

22

23

24

25

26

27

28